

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-13-14

| | |
|---|---|
| DONALD HALSTEAD<br><div align="right">APPELLANT</div> | **Opinion Delivered** August 28, 2013 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CV-2012-627 (V)] |
| SEX OFFENDER ASSESSMENT COMMITTEE<br><div align="right">APPELLEE</div> | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Judge

Pursuant to the Arkansas Administrative Procedure Act (APA), appellant Donald Halstead appeals from the order of the circuit court affirming the decision of the Sex Offender Assessment Committee, in which the Committee upheld his assessment as a level three sex offender.[1] On appeal, he contends that there was insufficient evidence to support the Committee's level 3 assessment. We affirm the Committee's decision.

This is a reassessment case. Appellant was initially assessed in 2001, when he was assigned a community notification level of 3. This was based upon his conviction in Colorado in 1992 for first-degree assault, first-degree sexual assault, criminal mischief, and first-degree burglary. In 1994, the Colorado Court of Appeals vacated appellant's conviction

---

[1]The APA is codified at Arkansas Code Annotated §§ 25-15-201 to -218 (Repl. 2002 & Supp. 2011).

for first-degree sexual assault because it was a lesser-included offense of first-degree assault and "merged into" the first-degree assault conviction under Colorado law. He was imprisoned in Colorado from 1991 to 1998 and subsequently moved to Arkansas.

Appellant requested a reassessment in October 2011, contending that his sexual-assault conviction had been vacated in 1994 and that he had not had any incidents or criminal occurrences since his discharge from prison in 1998. He explained in his interview with the Sex Offender Screening and Risk Assessment unit (SOSRA) that he and his wife had purchased a new home and found out after closing that the home was within 2000 feet of an elementary school and preschool and, thus, that he could not live there. After reassessment, SOSRA again assigned him a community notification level of 3. He requested administrative review of the reassessment. On April 25, 2012, the Sex Offender Assessment Committee issued a decision upholding SOSRA's level 3 assessment. Appellant petitioned for review under the APA in the circuit court. The circuit court denied his petition for review and affirmed the Committee's decision. Appellant filed this appeal.

The APA provides that an agency decision may be reversed if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are

(1) In violation of constitutional or statutory provisions;
(2) In excess of the agency's statutory authority;
(3) Made upon unlawful procedure;
(4) Affected by other error or law;
(5) Not supported by substantial evidence of record; or
(6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212(h) (Repl. 2002). We direct our review not toward the circuit



court, but toward the decision of the agency. *Brown v. Ark. Dep't of Corr. (Sex Offender Screening & Risk Assessment)*, 2012 Ark. App. 330, at 2. When reviewing administrative decisions, we review the entire record to determine whether any substantial evidence supports the agency's decision. *Id*. In determining whether a decision is supported by substantial evidence, we review the record to ascertain if the decision is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Ark. State Bd. of Nursing v. Morrison*, 88 Ark. App. 202, 210, 197 S.W.3d 16, 21 (2004). In doing so, we give the evidence its strongest probative force in favor of the administrative agency; the question is not whether the testimony would have supported a contrary finding, but whether it supports the finding that was made. *Id*. at 211, 197 S.W.3d at 21.

Appellant contends on appeal, first, that the Committee acted arbitrarily and capriciously and abused its discretion in requiring him to register at all. He also contends that, if he is required to register, substantial evidence does not support the Committee's decision to assess him as a level 3 sex offender. With regard to his first argument, appellant points to Ark. Code Ann. § 12-12-905(c)(1) (Repl. 2009), which provides that if "the underlying conviction of the registrant is reversed, vacated, or set aside or if the registrant is pardoned, the registrant is relieved from the duty to register or verify registration." Section 905(c)(2) provides that registration "shall cease upon the receipt and verification by the Arkansas Crime Information Center of documentation from the . . . Court verifying the fact that the conviction has been reversed, vacated, or set aside."

The Committee concluded that it did not have the authority to remove an offender


from the sex-offender registry: it was merely tasked with the duty to assess the appropriate community notification level. Appellant cited no authority to dispute the Committee's conclusion on this issue. Moreover, the record contains an order from the Colorado District Court in which appellant was convicted, dated November 16, 2011, denying his petition to discontinue sex-offender registration. That court determined that appellant was not eligible for deregistration until twenty years had elapsed from the date of his discharge from custody. The court noted that it had "previously vacated the First Degree Sexual Assault conviction based upon the Court of Appeals Mandate" and held that the first-degree sexual-assault conviction was vacated "having merged into the First Degree Assault conviction." Finally, the Committee considered the vacation of appellant's sexual-assault conviction by the Colorado Court of Appeals in reassessing appellant. It found that appellant's assertion regarding this was "overly broad and [did] not accurately portray the actions required by the Colorado Court of Appeals." The Committee determined that the Colorado appeals court vacated the conviction based on "a technical application of the law" under the doctrine of merger and lesser-included offenses: essentially, the definition of first-degree assault included first-degree sexual assault. We note that the Colorado appeals court determined that it was required to vacate appellant's conviction under Colorado law's merger doctrine and not because of some absence of evidence or failure of proof. The elements of the offense of sexual assault were the elements used to establish the first-degree assault conviction.

Appellant next argues that substantial evidence does not support a level 3 assessment because he had no criminal history before he committed the underlying offense and he has

maintained a clean record since the offense; he took a polygraph examination indicating no victims of abuse and no deception; no significant personality issues were identified; and his Vermont Assessment of Sex-Offender Risk (VASOR) score was lower than it had been in 2001 and was the lowest score that he was capable of receiving given his underlying offense, which could not be changed.

The Committee reviewed all this information in addition to reviewing the indexed offense. Appellant's offense occurred when he was eighteen years old and his female victim was twenty-seven. The victim was a neighbor and one of his mother's best friends. Appellant's mother babysat for the victim's children. On the day of the incident, appellant waited for the victim's husband to leave for work and then knocked on the victim's door and asked if his mother had accidentally left a pen in the victim's diaper bag. He then entered her home, claiming that he was cold, and pulled a large combat knife on the victim and demanded that she remove her clothing, threatening to kill her if she failed to comply. He sexually assaulted her in front of her two-year-old son and threatened to do the same to her four-year-old daughter. During her struggle with appellant, the victim sustained a severe cut to her right hand, which required surgery to repair. A friend of the victim's telephoned her and, after being alerted by the victim, called the police, who went to the victim's home.

In its facts and conclusions, the Committee noted that appellant stated in his request for a reassessment that the indexed offense occurred over twenty years earlier, his indexed offense was vacated in 1994, he had not been in trouble since then, he had participated in sex-offender treatment in prison, and he had passed a polygraph test with no deception

indicated. The Committee stated that it had reviewed the letters of reference, the polygraph, the risk-assessment-and-offender profile report, and the VASOR report. The Committee found that the State of Colorado had recently rejected appellant's bid to be removed from registration requirements, noting that his first-degree assault conviction, which included sexual assault, remained and was undisputed. The Committee found that appellant used deception to gain access to the victim, launched a violent sexual attack in front of the victim's young son that resulted in the victim sustaining an injury requiring surgery, and told the victim that he could do the same to her four-year-old daughter. The Committee recognized that appellant had purchased a home he could not live in because of its proximity to a school, but noted that the assessment process did not require consideration of real-estate issues.

Giving the evidence its strongest probative force in favor of the Committee, we hold that it supports the level 3 assessment. Accordingly, we affirm the decision of the circuit court, which upheld the Committee's decision.

Affirmed.

PITTMAN and WYNNE, JJ., agree.

*The Baker Law Firm*, by: *Rinda Baker*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Amy L. Ford*, Ass't Att'y Gen., for appellee.