Cite as 2020 Ark. App. 32

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-19-131

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES <br><br> APPELLANT <br><br> V. <br><br> MARSHALL NEWCITY, MD <br> APPELLEE | **Opinion Delivered:** January 22, 2020 <br><br> APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT <br> [NO. 66FCV-16-676] <br><br><br> HONORABLE JAMES O. COX, JUDGE <br><br> REVERSED |

## RITA W. GRUBER, Chief Judge

The Arkansas Department of Human Services (DHS) brings this appeal pursuant to the Arkansas Administrative Procedure Act (APA).[1] The DHS Office of Appeals and Hearings (OAH) upheld a true determination of child maltreatment and placed Dr. Marshall Newcity's name on the Arkansas Child Maltreatment Central Registry. DHS appeals from the order of the Sebastian County Circuit Court reversing the agency's decision. We affirm the decision of OAH and reverse the decision of the circuit court.

Dr. Newcity was involved in a car accident on July 3, 2015. He and his then six-year-old son, TN, were on the way to dinner when their car was struck in an intersection on the rear bumper by another car. The driver of the other car was cited for failure to obey

---

[1]The APA is codified at Arkansas Code Annotated §§ 25-15-201 to -218 (Repl. 2014 & Supp. 2019).

the traffic-signal device. No one was injured in the accident, and Ms. Newcity was called to retrieve TN. The investigating officer smelled alcohol when interviewing Dr. Newcity, and Dr. Newcity admitted that he had been drinking beer at home before the accident. A test registered his blood-alcohol content at .157. He was charged with driving while intoxicated (DWI) and endangering the welfare of a minor; he later pleaded guilty to DWI, and the endangerment charge was dismissed.

DHS received a report of suspected child abuse based on the incident and, after conducting an investigation, made a true finding for threat of harm and inadequate supervision. Dr. Newcity requested an administrative hearing, which was stayed pending the resolution of the criminal charges. Immediately after the accident and before the administrative hearing, Dr. Newcity completed an out-of-state, eight-month program for treatment of addiction. OAH held Dr. Newcity's hearing on June 2, 2016.

Dr. Newcity admitted at the hearing that his blood-alcohol content was almost twice the legal limit at the time of the accident and that he pleaded guilty to DWI, but he explained that at the time, he thought he had been okay to drive. He testified that he had attended a rehabilitation program for eight months and had been working in Van Buren as an independent contractor doing emergency medicine since his return to Arkansas in March 2016. Dr. Newcity's boss, Dr. Lee Johnson, testified that he had known Dr. Newcity for thirty-eight years and had worked with him professionally. He said Dr. Newcity is an excellent physician and that the community has a need for excellent emergency-medicine physicians. He recognized that Dr. Newcity made a "terrible" mistake but said that he had

no "qualms whatsoever" about Dr. Newcity's treating children. Ms. Newcity testified that she had no problem with their children being around Dr. Newcity.

The DHS investigator assigned to the case, Corey Williams, testified that he went to the Newcitys' home to investigate after he received the report of maltreatment. He submitted a maltreatment summary report that indicated true findings of child maltreatment against Dr. Newcity for inadequate supervision and threat of harm. He testified that he did not determine that the children were in any danger based on his interviews with them that day or based on what he saw at their home. His sole basis for the finding was the incident on July 3.

The administrative law judge found that there was sufficient evidence to demonstrate that Dr. Newcity failed to appropriately supervise TN resulting in his being left in an inappropriate circumstance that created a dangerous situation or risk of harm for TN. He also found that there was sufficient evidence to show that Dr. Newcity engaged in conduct that created a realistic and serious threat of death, permanent or temporary disfigurement, or impairment to a bodily organ of TN. He found the allegations of child maltreatment true and ordered Dr. Newcity's name to be placed on the Arkansas Child Maltreatment Central Registry. Dr. Newcity appealed that decision to the circuit court, which reversed the administrative law judge's decision.

Our review of administrative agency decisions is directed not to the decision of the circuit court but to the decision of the agency because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. *Staton v. Ark. State Bd.*

3

*of Collection Agencies*, 372 Ark. 387, 390, 277 S.W.3d 190, 192 (2008). When reviewing administrative decisions, we review the entire record to determine whether substantial evidence supports the agency's decision. *Halstead v. Sex Offender Assessment Comm.*, 2013 Ark. App. 445, at 3. In determining whether a decision is supported by substantial evidence, we review the record to ascertain if the decision is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Ark. State Bd. of Nursing v. Morrison*, 88 Ark. App. 202, 210, 197 S.W.3d 16, 21 (2004). In doing so, we give the evidence its strongest probative force in favor of the administrative agency; the question is not whether the testimony would have supported a contrary finding but whether it supports the finding that was made. *Halstead*, 2013 Ark. App. 445, at 3.

Citing this standard of review and arguing that substantial evidence supports the agency's decision, DHS argues on appeal that the circuit court's order reversing the administrative agency's decision placing Dr. Newcity's name on the Child Maltreatment Central Registry should be reversed and the agency's order affirmed. We turn to the relevant statutes.

An offender's name shall be placed in the Child Maltreatment Central Registry if:

(1) After notice, the offender eighteen (18) years of age or older at the time the act or omission occurred does not timely request an administrative hearing;

(2) The alleged offender was a child at the time of the act or omission and the child or his or her legal parent or legal guardian waived the administrative hearing;

(3) The administrative law judge upheld the investigative determination of true pursuant to a preliminary administrative hearing; or

4

(4) Upon completion of the administrative hearing process, the Department of Human Services' or Department of Arkansas State Police's investigative determination of true is upheld.

Ark. Code Ann. § 12-18-903(a) (Supp. 2019).[2]

The two bases for the determination of true in this case were abuse (threat of harm) and neglect (inadequate supervision). Arkansas Code Annotated section 12-18-103(3)(A)(ii) (Supp. 2019) defines abuse as a parent's "[e]ngaging in conduct creating a realistic and serious threat of death, permanent or temporary disfigurement, or impairment of any bodily organ." Arkansas Code Annotated section 12-18-103(14)(A)(viii)(*a*)–(*b*) defines neglect as those acts or omissions of a parent which constitute "[f]ailure to appropriately supervise the child that results in the child's being placed in: (a) Inappropriate circumstances creating a dangerous situation; or (b) A situation that puts the child at risk of harm."

The administrative law judge reviewed the evidence and heard all the testimony. He entered detailed findings of fact and conclusions of law, finding that Dr. Newcity's act of driving while he was impaired by alcohol at twice the legal limit with his then six-year-old son in the car constituted inadequate supervision and a threat of harm as outlined in the above statutes. The statutes do not require that actual injury occur for findings of abuse or neglect, merely that the conduct create a "serious threat" of the listed harm or that the failure to appropriately supervise creates a "dangerous situation" or puts the child "at risk of

---

[2]We note that Act 802 of 2019 added the following provision to the statute: (b) In addition to the requirements of subsection (a) of this section, the name of an offender shall be placed in the Child Maltreatment Central Registry only if the Department of Human Services determines under § 12-18-702 that the offender may pose a risk of maltreatment to a vulnerable population that includes without limitation children, the elderly, persons with a disability, and persons with a mental health illness.

harm." Finally, while we commend Dr. Newcity's subsequent actions to address his substance abuse, giving the evidence its strongest probative force in favor of the administrative agency, we hold that substantial evidence supports the agency's decision.

DHS Office of Appeals and Hearings affirmed; circuit court reversed.

ABRAMSON and MURPHY, JJ., agree.

*Callie Corbyn*, Arkansas Department of Human Services, Office of Chief Counsel, for appellant.

*Caddell Reynolds*, by: *Matthew J. Ketcham*, for appellee.