Cite as 2020 Ark. App. 134

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-491

|  |  |
|---|---|
| | **Opinion Delivered:** February 19, 2020 |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br>APPELLANT | APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT [NO. 50CV-18-24] |
| V. | |
| BOBBIE ANN HOGAN<br>APPELLEE | HONORABLE RANDY WRIGHT, JUDGE |
| | DHS OFFICE OF APPEALS AND HEARINGS AFFIRMED; CIRCUIT COURT REVERSED |

## WAYMOND M. BROWN, Judge

Appellant Arkansas Department of Human Services (DHS) brings this appeal pursuant to the Arkansas Administrative Procedure Act (APA).[1] DHS appeals the Nevada County Circuit Court's April 1, 2019, order reversing the decision of the DHS Office of Appeals and Hearings (OAH) in which the circuit court found that appellee Bobbie Ann Hogan's application for Medicaid long-term-care benefits should have been granted. We affirm the decision of OAH and reverse the decision of the circuit court.

The facts of this case are not in dispute. Appellee created the Irrevocable Trust of Bobbie A. Hogan on January 12, 2009. The trust named appellee's son, A. Glenn Vasser,

---

[1]The APA is codified at Arkansas Code Annotated §§ 25-15-201 to -218 (Repl. 2014 & Supp. 2019).

as trustee, and listed appellee as the primary beneficiary.[2]  The trust was to end at the time of appellee's death.  Paragraph 2.2(D) of the trust states:

> During the term and existence of this Trust, the Trustee shall have the discretion to make distributions of both principal and income of this Trust for the health, support, medical care and welfare of Bobbie A. Hogan, taking into consideration such other income and assets which said primary beneficiary has available to her and further taking into consideration the lifestyle to which she has been accustomed.  However, the Trustee shall have the sole and absolute discretion and shall be liable only in case of bad faith.

On January 16, 2009, appellee transferred her home located in Pine Bluff, Arkansas, to the trust.  She subsequently sold the home in June 2009, and deposited the net proceeds from the sale, $127,072.68, into the trust account maintained at the Bank of Delight.  Appellee applied for Medicaid long-term-care benefits on July 6, 2017, while she was a patient at Hillcrest Nursing Home and Rehab in Prescott, Arkansas.  In the application, she listed her monthly income as $1,841 in SSI benefits.  She also included a copy of the Irrevocable Trust of Bobbie A. Hogan with her application.  Appellee was notified on October 16 that more information was required.  More specifically, appellee was informed that the trust would be counted as an available resource; thus, verification of the complete contents of the trust for the months of June, July, August, and September was needed as well as verification of the fair market value of the home deeded to the trust at the time of transfer and sale.  Information from the bank for the requested months showed that the trust had over $28,500 in cash each month as well as $100,000 in CDs for the requested months.

---

[2]The trust listed Mary Riel, Donna DeLaPorte, Teresa Bridgmon, and A. Glenn Vasser as secondary beneficiaries.

DHS issued a notice of action on October 30, 2017, denying appellee's application. The OAH upheld DHS's denial based upon a finding that appellee's countable resources exceeded the maximum $2,000 a month limit. Appellee appealed the decision to the circuit court. Appellee subsequently filed a motion for summary judgment. A hearing took place on March 6, 2019. The court reversed DHS's determination, finding that the corpus of the trust was not available to "[appellee] as a countable resource under any circumstances due to the absolute discretion of the Trustee in making any distributions to her and the history of the absence of any distributions of principal and income from the trust to Bobbie Ann Hogan."[3] From this order of the circuit court, DHS appeals.

Our review of administrative agency decisions is directed not to the decision of the circuit court but to the decision of the agency because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies.[4] When reviewing administrative decisions, we review the entire record to determine whether substantial evidence supports the agency's decision.[5] In determining whether a decision is supported by substantial evidence, we review the record to ascertain if the decision is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[6]

---

[3]The circuit court's finding does not seem to be entirely correct, as Vasser testified at the administrative hearing, "I have made no distributions to Ms. Hogan except to pay her moving expenses in 2009."

[4]*Staton v. Ark. State Bd. of Collection Agencies*, 372 Ark. 387, 277 S.W.3d 190 (2008).

[5]*Halstead v. Sex Offender Assessment Comm.*, 2013 Ark. App. 445.

[6]*Ark. State Bd. of Nursing v. Morrison*, 88 Ark. App. 202, 197 S.W.3d 16 (2004).

In doing so, we give the evidence its strongest probative force in favor of the administrative agency; the question is not whether the evidence would have supported a contrary finding but whether it supports the finding that was made.[7]

DHS argues that the circuit court's order reversing the administrative agency's decision to deny appellee benefits should be reversed and the agency's order affirmed. In its order, OAH found that the resource limit for Medicaid long-term-care eligibility is $2,000 and that during the months of June, July, August, and September 2017, the trust had over $128,500 in it. The order stated in pertinent part:

Medical Services Policy Manual Section E–304 states, in part, Consideration of Irrevocable Trusts

a. If the trust permits payments, under any circumstances, to or for the benefit of the individual, the portion of the corpus from which payment to the individual could be made (or the income on the corpus from which payment to the individual could be made) shall be considered a resource available to the individual; and payments actually made from that portion of the corpus shall be considered as follows: 1) Payments to or for the benefit of the individual shall be considered income of the individual, and 2) Payments for any other purpose shall be considered a transfer of resources by the individual.

b. Any portion of the corpus of a trust from which, or any income on the corpus from which, no payment could under any circumstances be made to or for the benefit of the individual shall be considered, as of the date of establishment of the trust (or, if later, the date on which payment to the individual was foreclosed) to be a transfer of resources. The value of such trust shall be determined by including the amount of any payments made from such portion of the trust after such date.

The DCO correctly determined the resources available to Ms. Hogan through the irrevocable trust. Pursuant to Section E–304, Ms. Hogan had cash and a certificate of deposit, totaling in excess of $128,500.00, which was placed into the corpus of the trust after the sale of real property. The irrevocable trust allows for payments to be made to Ms. Hogan, the primary beneficiary, for her health, support, medical care and welfare and, therefore, is considered available to Ms. Hogan pursuant to E–304 and is considered a resource.

---

[7]*Halstead*, *supra.*

4

Substantial evidence supports OAH's decision. The trust itself states that the distributions of principal and income can be used for appellee's health, support, medical care, and welfare. Thus, there are circumstances in which payments can be made to or for the benefit of appellee from the trust, making the trust an appropriate available resource for appellee. The circuit court's order reversing OAH focused on the discretion the trust gives to Vasser as trustee; however, this discretion is irrelevant in determining whether the trust is a resource.

DHS Office of Appeals and Hearings affirmed; circuit court reversed.

ABRAMSON and GLADWIN, JJ., agree.

*Eric Collins* and *Nicholas Windle*, Arkansas Department of Human Services Office of Chief Counsel, for appellant.

One brief only.

5