Cite as 2021 Ark. App. 150

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV-20-365

| | |
|---|---|
| THOMAS HARTMAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS, SEX OFFENDER ASSESSMENT COMMITTEE<br><br>APPELLEE | **Opinion Delivered:** April 7, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-19-5652]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REBRIEFING ORDERED |

## RITA W. GRUBER, Judge

Thomas Hartman brings this appeal pursuant to the Arkansas Administrative Procedure Act (APA).[1] Hartman registered as a sex offender in Wisconsin after being convicted of second-degree sexual assault of a child in 1997. He moved to Arkansas in 2018 and registered with the Sex Offender Community Notification Assessment (SOCNA). The SOCNA assigned him a Level 3 community notification, which was affirmed by the Sex Offender Assessment Committee (SOAC) after Hartman requested an administrative review. Hartman appealed to the Pulaski County Circuit Court, which affirmed. He appeals to us, arguing that SOAC's decision to assign him a Level 3 community notification is not supported by substantial evidence; is arbitrary and capricious; and constitutes an abuse of

---

[1]The APA is codified at Arkansas Code Annotated §§ 25-15-201 to -218 (Repl. 2014 & Supp. 2019).

discretion. We do not address the merits of Hartman's arguments because of deficiencies in his addendum, and we order rebriefing.

Our review of administrative-agency decisions is directed not to the decision of the circuit court but to the decision of the agency because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. *Staton v. Ark. State Bd. of Collection Agencies*, 372 Ark. 387, 390, 277 S.W.3d 190, 192 (2008). When reviewing administrative decisions, we review the entire record to determine whether any substantial evidence supports the agency's decision. *Halstead v. Sex Offender Assessment Comm.*, 2013 Ark. App. 445, at 3. We uphold the decision if it is supported by substantial evidence and is not arbitrary, capricious, or characterized by an abuse of discretion.

Arkansas Supreme Court Rule 4-2(a)(8) requires the appellant's brief contain an addendum consisting of all documents in the record that are essential for the appellate court to confirm its jurisdiction, understand the case, and decide the issues on appeal. The rule specifically includes DVDs. Ark. Sup. Ct. R. 4-2(a)(8)(A)(i) (2020).

Hartman challenges the evidence supporting the Level 3 assessment. The addendum must include the evidence in the record that formed the basis for that assessment, as it is essential for this court to understand the case and decide the issues on appeal. As part of the assessment process, the SOCNA interviewed Hartman on April 24, 2018. Hartman's assessment level was based, in part, on that interview, which was recorded on a DVD. The SOCNA also considered Hartman's police investigative file and other documents from the Wisconsin conviction in addition to disciplinary records from the Wisconsin Department

of Correction. Although the DVD and these documents are in the record, they are not contained in Hartman's addendum. Appellee cites the DVD numerous times in its argument, and both parties' arguments contain citations to the record for documents that are not in the addendum. These documents should be in the addendum, and all references should be to the page number of the "addendum at which such material may be found." Ark. Sup. Ct. R. 4–2(a)(7).

Hartman has fifteen days from the date of this opinion to file a substituted brief and addendum that complies with our rules. Ark. Sup. Ct. R. 4–2(b)(3). While we have noted the above-mentioned DVD and specific documents, we encourage counsel to review Rule 4–2 and the entire record to ensure compliance with the rule. After service of the substituted brief, appellee shall have the opportunity to file a responsive brief in the time prescribed by the clerk.

Rebriefing ordered.

KLAPPENBACH and MURPHY, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Nga Mahfouz*, Sr. Ass't Att'y Gen., for appellee.

3